# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES FIDELITY AND GUARANTY COMPANY** | § § § | **PLAINTIFF** |
| **VS.** | § § | **CAUSE NO. 1:08-CV-128-LG-RHW** |
| **CONSTANCIO FRIAS, et al.** | § | **DEFENDANTS** |

## ORDER REQUIRING BRIEFS ON SUBJECT MATTER JURISDICTION

This cause is before the Court *sua sponte*, for the purpose of requiring briefs on the issue of subject matter jurisdiction. This case was filed in this Court on the basis of diversity jurisdiction on April 4, 2008. Plaintiff United States Fidelity and Guaranty Company brings this declaratory judgment action to determine whether it owes Defendant Civil Tech, Inc., indemnity and a defense for the two separate negligence actions filed against it stemming from the June 14, 2007 collapse of the Bay St. Louis bridge. USF&G is alleged to be a Maryland corporation with its principal place of business there. The various defendants are alleged to be citizens of Mississippi, Texas, Mexico, Virginia, Iowa, Nevada, California, Delaware, and Missouri. Defendant Gulf Concrete, L.L.C., is alleged to be a Mississippi corporation with its principal place of business in Ridgeland, Mississippi. The Mississippi Secretary of State's website indicates that it is indeed a limited liability company. A limited liability company's citizenship is that of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). No mention is made of Gulf Concrete's members. This is insufficient to demonstrate diversity jurisdiction. *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259-60 (5th Cir. 2008).

To date, no motion has been filed challenging whether diversity exists between USF&G and Gulf Concrete. "The absence of a dispute between the parties regarding the existence of

diversity jurisdiction is irrelevant, however, because 'subject-matter jurisdiction cannot be created by waiver or consent.'" *Id.* at 260 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

"The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. v. Swan*, 111 U.S. 379, 382 (1884)). FEDERAL RULE OF CIVIL PROCEDURE 12(h)(3) provides that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "When jurisdiction is based on diversity, . . . the citizenship of the parties must be '*distinctly* and *affirmatively* alleged.' 'Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.'" *Mullins*, 300 Fed. Appx. at 259 (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) and *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)). Because it is unclear whether diversity jurisdiction exists, pursuant to *Mullins*, the Court requests that the parties submit briefs on the issue of subject matter jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the parties submit briefs, not to exceed ten (10) pages, with supporting affidavits and evidence to the Court concerning whether this Court has subject matter jurisdiction by May 4, 2009.

**SO ORDERED AND ADJUDGED** this the 17th day of April, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

2